UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**BIANCA BOWEN, GUILOUSE GRANDOIT,**
Individually and on behalf
of all others similarly situated,

    Plaintiff,

CASE NO.:

v.

**AAA STAFFING LLC and**
**ANNE O'CONNELL,**

    Defendants.
_____/

## COLLECTIVE COMPLAINT

Plaintiffs, Bianca Bowen and Guilouse Grandoint, individually and on behalf of all those similarly situated, sues Defendants, AAA Staffing, LLC ("AAA") and Anne O'Connell ("O'Connell") (collectively, "Defendants"), and alleges as follows:

### INTRODUCTION

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated. Plaintiffs and those similarly situated was or were employed by Defendants as Recruiters or had similar job duties and were denied proper compensation as required by federal wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2. This action is made up of Recruiters and other current and former employees with similar job duties (the "Putative Collective") who work or have worked for AAA at any time within three years prior to this action's filing date (the "Collective Period").

**PARTIES, JURISDICTION & VENUE**

3. Plaintiff Bianca Bowen is an adult who at all material times, was a resident of Gwinnett County, Georgia. Plaintiff was employed by Defendants from 2016 to 2020 in Duluth, Georgia. Plaintiff was employed as a recruiter or other similar job title. Plaintiff was Defendants' employee as defined by the FLSA, 29 U.S.C. § 203(e)(1)

4. Plaintiff Guilouse Grandoit is an adult who at all material times, was a resident of Gwinnett County, Georgia. Plaintiff was employed by Defendants from April 2019 to August 2020 in Duluth, Georgia. Plaintiff was employed as a recruiter or other similar job title. Plaintiff was Defendants' employee as defined by the FLSA, 29 U.S.C. § 203(e)(1).

5. AAA is a Texas limited liability company headquartered in Katy, Texas. AAA provides staffing to the apartment industry across the country.

6. Anne O'Connell is an adult citizen of the State of Texas. O'Connell is an owner of AAA. She exercises significant control over its operations as one of its owners and as President & Chief Executive Officer. With respect to Plaintiffs and the Punitive Class, she had and exercised substantial supervisory roles, substantial influence over financial affairs and operational control, substantial influence over day-to-day operations and Plaintiffs' employment, and substantial influence over compensation and payroll policies and procedures. As such, she is subject to liability under the FLSA.

7. Specifically, Defendant O'Connell claims on her public LinkedIn profile that she: (1) "Support[s] and maintain[s] the execution of Human Resource programs"; (2) "Initial review and submission of payroll;" (3) "Responsibilities include partner relationship maintenance, program development; benefits plan analysis, record keeping, file maintenance, and HRIS entry;" (4) "Prepare and maintain employment records;" and (5) "Maintain current knowledge of Equal

Employment Opportunity (EEO) and affirmative action guidelines and laws, such as ADA, FMLA, OSHA, workers compensation, unemployment etc."

8. Defendants were Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. §203(d), (g).

9. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201 et seq.

10. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

11. Venue is proper in the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because Defendants operate in this district and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

12. At all times material, Plaintiffs and other employees were engaged in commerce as defined by Section 207(a)(1) of the FLSA.

13. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendants.

14. Plaintiffs and the Punitive Collective were improperly denied overtime compensation, despite being required to work more than 40 hours per week.

15. Plaintiffs and the Punitive Collective employed by Defendants during the last three years regularly worked more than 40 hours in a workweek without receiving overtime compensation. During these weeks, Defendants did not provide Plaintiffs or other similarly

situated employees with overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked over 40 during those workweeks.

16. Rather than pay Plaintiffs and the Punitive Collective one and one-half times their regular hourly rate of pay for all hours worked over 40 in a given workweek, Defendants enacted a policy of forbidding overtime payments, and did not compensate them for any overtime hours worked.

17. In fact, whenever an employee claimed more than 40 hours in a workweek, that employee would be laid off or told there was not sufficient work for them.

18. Whenever an employee claimed more than 40 hours in a workweek, they would receive a chastising call directly from Anne O'Connell reprimanding them for claiming overtime.

19. Furthermore, employees of AAA were directed to deduct an hour for lunch per day from their timesheets, regardless of whether they actually took that lunch break.

20. Plaintiff Bowen worked, on average, approximately 5 to 10 hours of overtime each week.

21. Plaintiff Grandoit worked, on average, approximately 5 to 10 hours of overtime each week.

22. Plaintiffs and the Punitive Collective who worked for Defendants were not permitted to add hours over 40 hours on their timesheets.

23. Defendants knew Plaintiffs and the Putative Collective worked overtime without proper compensation, and it willfully failed and refused to pay overtime wages.

24. Defendants required the Putative Collective to work more than 40 hours per week, including working through lunch and answering emails and telephone calls after hours.

25.     Federal courts and the U.S. Department of Labor have consistently held that employees like Plaintiffs are entitled to overtime wages. Defendants had a duty to investigate and research its obligations under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

26.     Plaintiffs bring this action individually and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b). Plaintiffs and the similarly situated individuals work(ed) Recruiters and empoyees with similar job duties for AAA. The proposed collective is defined as follows:

> All persons employed by AAA Staffing who meet each of the following criteria: (i) all individuals who had a title of Recruiter or a substantially similar job title; (ii) all individuals whose job duties were substantially similar to Recruiter, meaning their primary job duties were recruiting and vetting workers for placement at client worksites; (iii) the employee worked more than forty (40) hours in any one workweek between July 19, 2018 and July 19, 2021; and (iv) the employee was not paid at overtime rates as specified by law (the "Putative Collective").

27.     As this case proceeds, it is likely that additional individuals will file consent forms and join as "opt-in" plaintiffs.

28.     Plaintiffs and the Putative Collective are or were employed by Defendants within the meaning of the FLSA.

29.     Defendants paid Plaintiffs and the Putative Collective an hourly wage and forbade them from claiming overtime, regardless of the number of hours they worked.

30.     Plaintiffs and the Putative Collective routinely worked over 40 hours in a workweek and were not compensated by Defendants with overtime pay for the overtime hours they worked.

31.     Defendants were both aware of and required this overtime work. Specifically, it was Defendants' policy and practice to encourage Plaintiffs and members of the Putative Collective to work overtime.

32. Defendants were aware that Plaintiffs and the Putative Collective worked under these conditions. Despite that knowledge, Defendants denied them overtime compensation.

33. Defendants uniformly misrepresented to Plaintiffs and the Putative Collective that they were forbidden to claim more than 40 hours per week and had a uniform policy to not pay overtime pay.

34. For example, Plaintiffs and the Putative Collective worked as recruiters providing workers to apartment complexes and similar buildings. They would match work orders from their clients against a list of potentially-available workers and then pair the workers to the job. They would also vet workers by performing background checks. The relevant job duties of Plaintiffs and the Putative collective were substantially similar, regardless of their specific job title, office location, supervisor, or assigned sales territory.

35. Defendants failed to make, keep, and preserve records of the hours actually worked by Plaintiffs and the Putative Collective.

36. Defendants' unlawful conduct is widespread, repetitious, and consistent, affecting Plaintiffs and the Putative Collective.

37. Defendants' conduct is willful and in bad faith, and has caused significant damages to Plaintiffs and the Putative Collective. Defendants are and were aware that Plaintiffs and the Putative Collective performed non-exempt work that required overtime pay.

38. Defendants are aware of the FLSA's requirements.

39. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Putative Collective.

40. Notice of this action should be sent to the Putative Collective. There are numerous similarly situated current and former employees of Defendants who have been denied appropriate

compensation in violation of the FLSA who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

### COUNT I – FAIR LABOR STANDARD ACT – FAILURE TO PAY OVERTIME
### (On behalf of Plaintiffs and the Putative Collective against All Defendants)

41. Plaintiffs re-allege and incorporate Paragraphs 1 through 40.

42. The FLSA requires covered employers to pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of 40 in a workweek. 29 U.S.C. § 207.

43. Defendants are an "employer" as defined by the FLSA, 29 U.S.C. § 203(d), and is engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

44. Plaintiffs and the Putative Collective are non-exempt covered employees. 29 U.S.C. § 203(e)(1).

45. Plaintiffs' primary duty, when they were a Recruiter or the same position with any similar title, did not involve managing AAA or managing any customarily recognized department or subdivision of AAA.

46. Plaintiffs, when they were a Recruiter or the same position with any similar title, did not customarily or regularly direct the work of at least two or more other full-time employees or their equivalent.

47. Plaintiffs, when they were a Recruiter or the same position with any similar title, did not have the authority to hire or fire other employees and their suggestions or recommendations as to the hiring, fiing, advancement, promotion or any other change of status of other employees were not given particular weight.

48. Plaintiffs, when they were a Recruiter or the same position with any similar title, did no work directly related to the management or general business operations of AAA or its customers.

49. Plaintiffs' primary duty, when they were a Recruiter or the same position with any similar title, did not include the exercise of discretion and independent judgment with respect to matters of significance.

50. Plaintiffs' primary duty, when they were a Recruiter or the same position with any similar title, were not making sales or obtaining orders or contracts for services or for the use of facilities for which a consideration would be paid by the client or customer.

51. Plaintiffs, when they were a Recruiter or the same position with any similar title, were not customarily or regularly engaged away from AAA's place or places of business.

52. Plaintiffs and the Putative Collective have worked more than 40 hours per week for Defendants during the applicable time period.

53. Defendants have not properly compensated Plaintiffs or the Putative Collective for their overtime hours as required by the FLSA.

54. Defendants failed to make a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiffs and the Putative Collective.

55. Defendants knew Plaintiffs and the Putative Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiffs and the Putative Collective wages at the required overtime rates. *See* 29 U.S.C. § 255.

56. Defendants' willful failure and refusal to pay Plaintiffs and the Putative Collective overtime wages for time worked violates FLSA. 29 U.S.C. § 207.

57. By failing to record, report, and/or preserve records of hours worked by Plaintiffs and the Putative Collective, Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. §255(a).

58. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

59. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the Putative Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the Putative Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

**WHEREFORE**, Plaintiffs individually and on behalf of the Putative Collective, respectfully request that this Court:

i. Designate of this action as a collective action on behalf of Plaintiffs and those similarly situated, and promptly issue notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

ii. Enter judgment that Plaintiffs and the Putative Collective are non-exempt employees entitled to protection under the FLSA;

iii. Enter judgment against Defendants for violations of the overtime provisions of the FLSA and award an amount equal to Plaintiffs' and the Putative Collective's unpaid back wages at the applicable overtime rates, including all pre and post-judgment interest;

iv. Find that Defendants' violations of the FLSA are willful;

v. Award Plaintiffs and the Putative Collective liquidated damages;

vi.	Award Plaintiffs and the Putative Collective all costs and attorneys' fees incurred prosecuting this claim; and

vii.	Grant such other and further relief, in law or equity, as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury against Defendants.

**Dated:** July 19, 2021	*Respectfully submitted,*

*/s/ D. Sean Nation*

**D. SEAN NATION**
Georgia Bar No. 313022
Primary Email: snation@czattorneys.com
**WILLIAM J. CANTRELL**
Georgia Bar No. 477090
Primary email: wcantrell@czattorneys.com
Secondary email: lcaulder@czattorneys.com
CANTRELL ZWETSCH, P.A.
401 East Jackson Street, Suite 2340
Tampa, Florida 33602
Telephone: 800.698.6650
Facsimile: 813.867.0116
*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 19, 2021, a copy of the foregoing was filed with the CM/ECF System, which will electronically serve all counsel in this action via their electronic email addresses registered with the CM/ECF System.

*/s/ D. Sean Nation*