## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| BRIANNA BOWEN and GUILOUSE GRANDOIT, individually and on behalf of all others similarly situated, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | 1:21-CV-02894-ELR |
| AAA STAFFING LLC and ANNE O'CONNELL, | * * * | |
| Defendants. | * * | |

_____

## O R D E R

_____

Presently before the Court is the Parties' "Renewed Joint Motion to Approve FLSA Settlement and Dismiss With Prejudice."[1]  [Doc. 21].  As its name implies, the Parties' present motion is their second seeking the Court's approval of a settlement in this case.  [See Docs. 13, 21].  By an Order dated November 28, 2022, the Court denied the Parties' first "Joint Motion to Approve FLSA Settlement and Dismiss with Prejudice."  [See generally Doc. 15].

_____

[1] Though the present motion is styled as a "joint" one, it is signed only by counsel for Defendants AAA Staffing LLC and Anne O'Connell.  [See Doc. 21 at 14].

In its November 28, 2022 Order, the Court denied the Parties' first settlement approval motion for three (3) reasons, two (2) of which remain relevant: (1) "the Parties fail[ed] to provide the Court with adequate information about the consideration each Plaintiff [wa]s receiving in exchange for releasing her FLSA claims[]" and (2) "the Parties fail[ed] to explain why the attorneys' fees awarded through the[ir initial s]ettlement [we]re fair and reasonable." [See id. at 27–28]. With respect to the first reason, the undersigned explained that "[c]ourts evaluate the fairness and reasonableness of proposed FLSA settlements by comparing the amount the plaintiff is to receive pursuant to the settlement with the amount of damages that plaintiff originally contended she [wa]s owed." [See id. at 22]. The Court found that it "d[id] not have [sufficient] data to determine the value of the consideration each Plaintiff [wa]s [to] receiv[e]" pursuant to the Parties' first proposed settlement "as compared to the amount of unpaid wages and liquated damages either Plaintiff claims she was owed." [See id.]

As to the second reason, the Court explained that "part of [its] duty to scrutinize a FLSA settlement includes a 'review of the reasonableness of counsel's legal fees[.]'" [See id. at 26] (quoting Silva v. Miller, 307 F. App'x 349, 351–52 (11th Cir. 2009)). The Court noted that:

> The parties to a FLSA [s]ettlement may demonstrate the reasonableness of the attorneys' fees by either: (1) demonstrating the reasonableness of the proposed attorneys' fees using the lodestar method; or (2) representing that the parties agreed to plaintiff's attorneys' fees

2

separately and without regard to the amount paid to settle the plaintiff's FLSA claim.

[See id.] (alteration adopted) (quoting Devries v. Teen Challenge of Fla., Inc., No. 6:21-CV-133-RBD-LRH, 2021 WL 5496059, at *2 (M.D. Fla. Nov. 3, 2021)).  The Court observed that the Parties' first motion for settlement approval "d[id] neither of these two things" and that, in fact, it "d[id] not mention attorneys' fees at all except to state that attorneys' fees are part of the settlement they reached and to acknowledge that the Court must consider the fairness and reasonableness of the requested attorneys' fees when evaluating a FLSA settlement." [See id. at 26–27]

Though the Court rejected the Parties' first proposed settlement of this case, it also "g[a]ve the Parties the opportunity to revise their agreement to address the Court's concerns" and to "file a renewed motion for settlement approval[.]" [See id. at 27–28, 30].  The Court also provided the Parties with a detailed set of instructions on the information any renewed settlement approval motion should contain.  [See id. at 30–31].  As is relevant here, the Court directed that

> [s]hould the Parties elect to file a renewed settlement approval motion, . . . that . . . filing should contain, at a minimum:
>
> - Specific information about the consideration each Plaintiff is receiving in exchange for releasing her FLSA claims, including[ t]he full amount of unpaid wages and liquidated damages each Plaintiff originally claimed she was entitled to; [and] . . .
>
> - Explanation, with supporting facts and authority, as to why the attorneys' fees awarded through the [Parties' proposed s]ettlement are fair and reasonable.

[See id. at 30–31].

Following the Court's November 28, 2022 Order, the Parties negotiated a proposed revised settlement (the "Revised Settlement Agreement") that they now ask the Court to approve. [See Docs. 21 at 4–5; 21-1]. By their present motion, the Parties represent that Plaintiff Brianna Bowen worked for Defendants for approximately forty-five (45) months and that Plaintiff Guilouse Grandoit worked for Defendants for approximately sixteen (16) months. [See Doc. 21 at 2–3]. Though Plaintiff Bowen worked for Defendants for nearly thirty (30) months more than Plaintiff Grandoit did, the Revised Settlement Agreement provides that each Plaintiff is to receive the same amount of back wages: $3,750.[2] [See Doc. 21-1 at 2]. The Parties contend that the back wages portion of the settlement each Plaintiff is to receive represents "one hour of wages for every [week] that Plaintiffs . . . worked for" Defendants.[3] [See Doc. 21 at 5–6]. The Parties further assert that because each Plaintiff allegedly worked between five (5) and ten (10) hours of

---

[2] Though the Parties' present motion states that each Plaintiff is to receive $3,250 in back wages, the Revised Settlement Agreement itself states that each Plaintiff is to receive $3,750 in back wages. [Compare Doc. 21 at 5, with Doc. 21-1 at 2].

[3] In one place, the Parties represent that the settlement payment for each Plaintiff represents "one hour of wages *for every day* that Plaintiffs . . . worked for" Defendants. [See Doc. 21 at 5–6] (emphasis added). The Court assumes this is a typographical error because the Parties elsewhere describe the settlement each Plaintiff is to receive as "payment [for] 1 hour [of] overtime per week" and argue that the settlement payment due to each Plaintiff "represents up to 20% of the alleged overtime (i.e., 1 of 5 hours [of overtime each Plaintiff] alleged [she worked per week at a minimum])." [See id. at 6].

overtime per week, the settlement for each Plaintiff "represents up to 20% of [her] alleged overtime (i.e., 1 of 5 hours alleged)." [See id. at 6].

Upon review and consideration, the Court finds that it still lacks the necessary information to evaluate the fairness and reasonableness of the Revised Settlement Agreement. The Parties' representations in their instant motion are both internally inconsistent and contradict their previous representations to the Court. Because it is true that (1) each Plaintiff is to receive the same amount of back wages pursuant to the Settlement Agreement and (2) there is a thirty (30)-month difference in the tenure of each Plaintiff's employment with Defendants, it cannot possibly be true that both Plaintiffs are to receive "one hour of [overtime] wages for every [week] that" she "worked for" Defendants absent some circumstance that has not been explained to the Court. [See id. at 5–6]. Additionally, the Parties previously represented that $3,250 "represent[ed] one hour of wages for every day that [Plaintiff] Grandoit worked for [Defendant] as compensation for any lunch hour she allegedly worked but did not get paid," so it is unclear to the Court how it could now be true that $3,750 instead represents "one hour of wages for every [week] that [she] . . . worked for" Defendants. [Compare Doc. 13 at 7, with Doc. 21 at 5–6].

Independently, the Parties have failed to show that their proposed attorneys' fees are reasonable. The only new representations the Parties make regarding such fees in their present motion is that they "have agreed that . . . Plaintiffs' attorneys'

fees shall be paid separately" from the amounts due to Plaintiffs and that Plaintiffs' counsel accepted "a substantially reduced amount of fees . . . for various reasons, including to help ensure this matter could settle for the benefit the Plaintiffs." [See Doc. 21 at 6].  This statement is, of course, insufficient to justify Plaintiffs' attorneys' fees via the lodestar method; instead, it simply suggests that these fees are below what the lodestar amount would be without providing any evidence to establish that amount.  [See id.]; see also Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1304 (11th Cir. 1988) (explaining that a "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates" by "supplying the court with specific and detailed evidence" and that "[a] conclusory statement that a fee is reasonable in light of the success obtained is generally insufficient").

Second, the Parties do *not* say that they "*agreed* to" the amount of "attorneys' fees separately and without regard to the amount paid to settle . . . [P]laintiff[s'] FLSA claim[s]"; they only say that "Plaintiffs' attorneys' fees shall be *paid* separately."  [See id.] (emphasis added); see also Devries, 2021 WL 5496059, at *2. As Judge Gregory Presnell of the Middle District of Florida explained in a leading case on the subject, the Eleventh Circuit's instruction that district courts should consider the reasonableness of attorneys' fee awards provided for in FLSA settlement agreements was motivated by the fact that "[l]awyers are often faced with

a conflict between their own economic interests and the welfare of their clients[.]"
See Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009);
see also Silva, 307 F. App'x at 351 ("[The] FLSA requires judicial review of the
reasonableness of counsel's legal fees to assure . . . that no conflict of interest taints
the amount the wronged employee recovers under a settlement agreement.  [The]
FLSA provides for reasonable attorney's fees; the parties cannot contract in
derogation of [the] FLSA's provisions.").  But if parties "reach agreement as to the
plaintiff's recovery before the fees of the plaintiff's counsel are [separately]
considered" and agreed to, "there is no reason to assume that the lawyer's fee has
influenced the reasonableness of the plaintiff's settlement."  See Bonetti, 715 F.
Supp. 2d at 1228.  Here, the Parties' failure to show that they agreed to attorneys'
fees "independently," after "reach[ing] agreement as to . . . [P]laintiff[s'] recovery"
suggests that Plaintiffs' settlement amounts and attorneys' fees were potentially
negotiated together.  See id.; [see also Doc. 21 at 6].  In these circumstances, the
Parties' bare assertion that "Plaintiffs' attorney's fees shall be paid separately" does
nothing to "assure" the Court "that no conflict of interest taints the amount"
Plaintiffs will receive pursuant to the Revised Settlement Agreement.  See Silva, 307
F. App'x at 351; Bonetti, 715 F. Supp. 2d at 1228.

Accordingly, the Court **DENIES** the Parties' "Renewed Joint Motion to
Approve FLSA Settlement and Dismiss With Prejudice," with leave to refile.

[Doc. 21].  The Court **DIRECTS** the Parties to, within fourteen (14) days of the date of this order, either (1) file a renewed motion for settlement approval or (2) file a notice advising the Court of how they believe this matter should otherwise proceed. Should the Parties elect to file a second renewed settlement approval motion, the Court **ORDERS** that their filing should contain, at a minimum:

- the total number of hours of overtime each Plaintiff alleges she worked but was not compensated for;

- the hourly wage each Plaintiff earned while working for Defendants;[4]

- authority that could support a finding that the amount Plaintiffs are to recover pursuant to their settlement with Defendants is fair and reasonable (i.e., if Plaintiffs are to receive twenty percent (20%) of their claimed damages, authority supporting the proposition that a twenty percent (20%) recovery is fair and reasonable in the same or similar circumstances as those present in this case);

- either (1) specific, detailed information about what Plaintiffs' attorneys' fees would be if calculated by the lodestar method or (2) a sworn representation from counsel that "the [P]arties agreed to [P]laintiff[s'] attorneys' fees

---

[4] If either Plaintiff's hourly wage changed over the course of her employment with Defendants, the Parties shall note (1) the time period over which each Plaintiff received a particular wage and (2) the approximate number of hours of unpaid overtime that Plaintiff allegedly worked while being paid each wage (e.g., "between May 2016 and May 2017, Plaintiff Bowen earned $10 per hour and during that time period she alleges she worked 260 hours of unpaid overtime; between May 2017 and May 2018, Plaintiff Bowen earned $11 per hour and during that time period she alleges she worked 280 hours of unpaid overtime").

separately and without regard to the amount paid to" each Plaintiff to settle her FLSA claims;[5] and

- the signatures of counsel for all Parties.

**SO ORDERED**, this 21st day of April, 2023.

*Eleanor L. Ross*

Eleanor L. Ross
United States District Judge
Northern District of Georgia

---

[5] The Court ordinarily would not require such a representation to be sworn.  However, given the Parties' present oblique representation regarding attorneys' fees, the Court finds it appropriate to require a sworn statement here.