**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| BRIANNA BOWEN, GUILOUSE GRANDOIT, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>AAA STAFFING, LLC and ANNE O'CONNELL,<br><br>    Defendants. | Civil Action No.:<br>1:21-cv-2894-ELR |

## SECOND RENEWED JOINT MOTION TO APPROVE FLSA SETTLEMENT AND DISMISS WITH PREJUDICE

COME NOW, Plaintiffs Brianna Bowen ("Bowen") and Guilouse Grandoit ("Grandoit"), (collectively, "the FLSA Plaintiffs"),[1] and Defendants AAA Staffing LLC ("AAA") and Anne O'Connell ("O'Connell") (collectively "Defendants"), by and through their respective counsel, and jointly move the Court to (a) approve the

---

[1] Plaintiffs filed this case individually and on behalf of others similarly situated. However, no motion for conditional class certification, nor any consents to proceed in a collective action, have ever been filed. Thus, Plaintiffs have proceeded in this matter and entered a Settlement Agreement with Defendants in their individual capacities.

settlement reached by the parties under the Fair Labor Standards Act ("FLSA"); and (b) dismiss the case with prejudice. As grounds for this Motion, the parties show this Honorable Court as follows:

## BACKGROUND

1.     Defendant AAA is a Texas limited liability company headquartered in Katy, Texas, with its offices in Texas, Georgia, and Florida.

2.     Defendant O'Connell is owner of Defendant AAA.

3.     Nonparty Apartment Staffing Management, Inc. ("ASM") is an affiliate of AAA that provides managerial and support staff to connect AAA personnel with AAA clients (collectively AAA and ASM are the "AAA entities").

4.     The AAA Entities provide permanent and temporary personnel solutions for apartment complexes and property management companies. To meet the needs of its clients, the AAA Entities assert they maintain a proprietary database of potential employees or applicants, access to which is restricted.  AAA Entities further assert these clients and employees, and the AAA Entities' relationships with the same, are critical to the AAA Entities' successful operation.

5.     Plaintiff Grandoit was employed with AAA from approximately April 2019 until August 2020 and received payment of $14 per hour.

6.     Plaintiff Bowen was employed with AAA from approximately May 2016 until February 2020 and received payment of $12 per hour.

7.     On July 19, 2021, the Plaintiffs in this action (the "FLSA Plaintiffs") filed the instant action (the "FLSA Action") against Defendants, AAA and O'Connell.  The FLSA Plaintiffs claim they are entitled to unpaid wages, including alleged overtime and wages for lunch periods that they were asked to deduct from their timecards but through which they worked.

8.     The FLSA Plaintiffs further contend that Defendants violations were willful, and that they are entitled to liquidated damages and attorney's fees.

9.     Defendants deny any wrongdoing and further deny that any alleged violation was willful. Defendants have asserted several defenses, including without limitation, a good faith defense to liquidated damages and any willful violation of the FLSA. The Defendants maintain that Plaintiffs were fully compensated for all hours worked as required by law; that the Defendants comply with applicable law regarding payment of wages; and that Defendants had reasonable grounds for believing that their actions were justified, proper, and lawful.

10.    The Plaintiffs have never moved for conditional certification of the class, and no plaintiff, including the named plaintiffs have ever filed consents.

11.     Should this litigation continue, the parties would engage in written discovery and depositions of parties and witnesses, as well as extensive motions practice regarding the issues raised herein, all of which are costly, burdensome, and uncertain to both parties.

12.     The parties confirm that they have a bona fide dispute regarding whether Plaintiffs are owed unpaid overtime wages, and, if so, whether liquidated damages should be assessed. The parties agree for purposes of this Joint Motion that the two-year statute of limitations under the FLSA applies.

13.     On May 19, 2022, these parties submitted their Joint Motion to Approve Settlement and Dismiss with Prejudice [Doc. 13]. In its November 28, 2022, Order [Doc. 14], the Court denied the parties joint request, and sought certain additional information.

14.     Again, on January 5, 2023, these parties submitted their first Renewed Joint Motion to Approve Settlement and Dismiss with Prejudice [Doc.21]. In its April 21, 2023, Order [Doc. 22], the Court again denied the parties' joint request, and sought additional information.

15.    Thus, in light of the Court's Order, Plaintiff Grandoit, Plaintiff Bowen, the AAA Entities, and O'Connell have sought to reach a revised resolution[2] that would constitute a fair and reasonable settlement of all pending matters, and would allow all parties to avoid the inconvenience and expense of continuing contested litigation, as follows:

<u>**SETTLEMENT**</u>

16.    Despite their bona fide dispute and without making any admissions, the parties have diligently engaged in settlement discussions and have reached an agreement regarding the underlying claims in the instant suit, pending the Court's approval of the settlement and dismissal of the this action with prejudice.

17.    A copy of the Parties' fully executed FLSA Settlement and Release Agreement resolving Plaintiffs' claims in this case is hereby filed in the public record and attached hereto as <u>Exhibit "1"</u>.

18.    There are two components to the parties' compromise: (1) Payment to Bowen in the amount of $5,684, which shall be deemed wages subject to withholding obligations and reported on a Form W-2 (the "Bowen Settlement

___

[2] The proposed FLSA settlement is independent of any other settlement, including the First Action referenced in the original Joint Motion to Approve FLSA Settlement.

Amount"); and (2) Payment to Grandoit of $3316, which shall be deemed wages subject to withholding obligations and reported on a Form W-2 (the "Grandoit Settlement Amount"). The Bowen Settlement Amount represents approximately four and a half hours of wages for every week that Bowen worked for AAA during the applicable two-year statute of limitations as compensation for any lunch hour she allegedly worked but did not get paid. The Grandoit Settlement Amount represents approximately four and a half hours of wages for every week that Grandoit worked for AAA during her one year of employment, as compensation for any lunch hour she allegedly worked but did not get paid. Thus, the payment of approximately four and a half hours of overtime per week to each Plaintiff represents approximately 91% of the alleged overtime[3] (*i.e.,* 4.5 of 5 hours alleged) that each Plaintiff has claimed. Defendants unequivocally deny that any overtime payment was otherwise withheld.

---

[3] Plaintiff Bowen alleges that she worked 5-10 hours of overtime per week for two years (the applicable statute of limitations). She made $12 per hour during that time. Accordingly, 5 days x 104 weeks = 520 days in two years x $12 per one hour = $6240 of total overtime alleged over two years. $5684/$6240 = 91%.  Plaintiff Grandoit alleges that she worked 5-10 hours of overtime per week for approximately one year. She made $14 per hour during that time. Accordingly, 5 days x 52 weeks = 260 days in one year x $14 per one hour = $3,640, of total overtime alleged over one year. $3,640/$3316 = 91%.

19.    In order to moot the concerns the Court raised regarding the $1500 in attorneys' fees to be awarded to Plaintiff's counsel, Plaintiff's counsel has agreed to waive all right and entitlement to any attorneys' fees and warrants that he will not receive any attorneys' fees or anything of value from Plaintiffs directly or indirectly relating to this settlement. Plaintiff's counsel has waived entitlement to attorneys' fees to help ensure the speedy resolution of this matter for the benefit the Plaintiffs.

20.    The attached settlement agreement works to resolve each parties' individual claims.

21.    For settlement purposes only, in order to reach a compromise, the parties have agreed that liquidated damages should not be assessed as part of the settlement.

22.    The parties respectfully submit that the foregoing is a reasonable compromise to resolve the disputes between the parties regarding Plaintiffs' FLSA claims in this action and therefore should be approved by the Court.

23.    Counsel for the parties represent that the settlement entered into by the parties was an arms-length compromise, and there was no collusion with regard to the settlement of this matter.

24.    Counsel for the parties represent that in their opinion the probability of success on the merits was not certain, and that Plaintiffs faced a risk of losing their claim on the merits.

25.    Counsel for the parties represent that, considering the evidence, the Defendants' defenses and the overall strengths and weaknesses of Plaintiffs' FLSA claims, it is their opinion that the parties' settlement represents a reasonable compromise of the FLSA claims based upon the likelihood of success on the merits, and the risks and uncertainties of litigation.

26.    Counsel for the parties, in their respective opinions, concur that the settlement is fair and reasonable under the circumstances.

## ARGUMENT AND CITATION OF AUTHORITY

**A.    Standard of Review**

Judicial review and approval of a tentative FLSA settlement may be required to give it final and binding effect. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). In the context of private FLSA lawsuits, the district court may approve a proposed settlement and dismiss the underlying lawsuit "after scrutinizing the settlement for fairness." *Id.* at 1352-53. Generally, this means the court will analyze whether the agreement is "fair, adequate, reasonable, and not the

product of collusion." *See, e.g., George v. Acad. Mortg. Corp.*, 369 F. Supp. 3d 1356, 1369 (N.D. Ga. 2019).

If the Court finds that these criteria are satisfied, it should approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354. In determining whether the settlement is fair and reasonable the Court should consider the following factors:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of Plaintiff's success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

*See Leverso v. S. Trust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994) (citing with approval factors used by district court to determine whether class action settlement was fair and reasonable); *Hamilton v. Frito-Lay, Inc.*, No. 605-CV-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, No. 6:05CV-592ORL-22JGG, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007) (adopting class action settlement factors from *Leverso* for the FLSA settlement context); *see also Carmen Martinez v. Excel Hosp., LLC,* No. 1:16-CV- 1493-WSD, 2017 WL 359818, at *2 (N.D. Ga. Jan. 24, 2017); *Howard v. Peachtree Serv. Experts, LLC,* No. 1:09-CV-0935-WSD, 2009 WL 10671044, at *2 (N.D. Ga. Aug. 13, 2009). There is a strong presumption in favor of finding a

settlement fair. *Hamilton*, 2007 WL 328792, at *2 (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)); *see also Carmen,* 2017 WL 359818, at *2; *Howard,* 2009 WL 10671044, at *2.

**B.    Approval of the Settlement Is Appropriate in This Case.**

Courts have found no fraud or collusion in instances where both parties were represented by counsel and the amount to be paid to the plaintiff seemed reasonable. *See, e.g.*, *Helms v. Cent. Fla. Reg'l Hosp.*, No. 605-CV383-ORL-22JGG, 2006 WL 3858491, at *4 (M.D. Fla. Dec. 26, 2006). Counsel are ethically bound to "vigorously represent their clients' rights," which increases the probability of a fair and reasonable settlement. *Id.*; *Morris v. Augusta-Richmond Cnty., Ga.*, No. 1:14-CV-196, 2017 WL 1078643, at *1 (S.D. Ga. Mar. 21, 2017).

In the instant action, each side is independently represented by experienced employment counsel well-versed in FLSA litigation. As discussed in *Helms*, counsel are obligated to vigorously defend their clients' rights, and have done so here. There was no fraud or collusion, as the terms of the proposed settlement were reached through arms-length negotiations and each party's counsel concurs that the settlement is fair and reasonable under the circumstances. *See Hicks v. Vortex Marine Constr., Inc.*, No. 616CV1226ORL41TBS, 2017 WL 2664362, at *3 (M.D. Fla. June 7, 2017), *report and recommendation adopted*, No.

616CV1226ORL41TBS, 2017 WL 2655127 (M.D. Fla. June 19, 2017); *see also Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."); *Cantrell v. Bryan Cnty. Bd. of Educ. & Am. United Life Ins. Co.*, No. CV415-169, 2015 WL 10057707, at *2 (S.D. Ga. Dec. 21, 2015).

The complexity, expense, and likely duration of the litigation also favor approval of the settlement. Should liability be determined in Plaintiffs' favor, calculation of damages would also be a lengthy and involved process. The range of possible recovery would depend on a number of factors, all of which are disputed, including without limitation (a) how much unpaid, overtime wages would be owed, (b) whether a two- or three-year statute of limitations would apply (though the applicability of a two-year statute of limitations is conceded for purposes of this settlement only), and (c) whether liquidated damages would attach to any back wage allocation.

Specifically, with respect to liquidated damages, Defendants assert that their actions or omissions were taken in good faith and that they had reasonable grounds for believing such actions or omissions did not violate the FLSA. *Alvarez Perez v.*

*Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1164 (11th Cir. 2008) (citing *Spires v. Ben Hill Cnty.*, 980 F.2d 683, 689 (11th Cir. 1993) ("If a court determines that an employer has established a good faith defense, it may, 'in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216…' ")); *see also Lytle v. Lowe's Home Centers, Inc.*, No. 8:12-CV- 1848-T-33TBM, 2014 WL 12617552, at *2 (M.D. Fla. Oct. 30, 2014), *report and recommendation adopted sub nom. Lytle v. Lowe's Home Centers, Inc.*, No. 8:12-CV-1848-T-33TBM, 2014 WL 12616124 (M.D. Fla. Nov. 7, 2014) (approving FLSA settlement where, "[g]iven the lack of proof of willfulness or bad faith on [the employer's] part, settlement calculations [were] based on a two-year limitations period . . . [and] [f]or the same reason, the settlement [did] not include an award of liquidated damages"). "Good faith" is established when the employer proves "that it had an honest intention to ascertain what the [FLSA] requires and to act in accordance with it." *Davila v. Menendez*, 717 F.3d 1179, 1185 (11th Cir. 2013) (quoting *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1566 (11th Cir. 1991)). In appropriate circumstances, courts find FLSA settlements with no liquidated damages to be fair and reasonable and therefore approve them. *See, e.g.*, *Lytle*, 2014 WL 12617552, at *2; *Rivera v. U.S.A. Transporter Servs., Inc.*, No. 616CV2158ORL37TBS, 2017 WL 4542891, at *5 (M.D. Fla. Oct. 3, 2017), *report*

*and recommendation adopted*, No. 616CV2158ORL37TBS, 2017 WL 4528401 (M.D. Fla. Oct. 10, 2017) (accepting the parties' agreement, which did not include liquidated damages).

Here, Defendants contend that liquidated damages are not appropriate because Defendants allege none of the Plaintiffs ever complained to AAA or O'Connell regarding overtime pay. Defendants further allege that Bomer, Plaintiff Bowen's mother, was the only person present in the Atlanta office who would have known or had reason to know when these Plaintiffs were working. Defendants allege each employee in the Atlanta office completed and approved her own time sheet, provided this information to Bomer, and Bomer sent the information to O'Connell to process the payroll. For all that and other reasons, Defendants strongly believe that liquidated damages would not be appropriate because Defendants' allege their actions were taken in good faith, with "an honest intention to ascertain what the [FLSA] requires and to act in accordance with it." *Davila*, 717 F.3d at 1185.

Regarding the "stage of the proceedings and the amount of discovery completed," the parties engaged in informal discovery pending the Court's November 28, 2022 Order. Specifically, the parties have exchanged pay records and time sheets to establish a clearer picture of the documentary evidence in the matter. This informal discovery suggests to both parties that resolution of this case would

turn primarily on the credibility of live witnesses. Finally, the Plaintiffs have not sought conditional certification, and no plaintiff, including the named plaintiffs, have filed consents.

The parties remain in disagreement as to the merits of the claims and defenses asserted in this case. In a good faith attempt to avoid unnecessary expenses, the parties have engaged in lengthy discussions regarding settlement, acknowledging that continued litigation would be costly and the outcome uncertain. Settlement is advantageous for both parties as a way to minimize future litigation risk and costs and also resolve the underlying issues raised in this lawsuit.

Resolving this case at this stage also advantages the parties because they have yet to engage in the extensive discovery and subsequent motions practice, which would be both inevitable and burdensomely expensive to all parties should this litigation continue. All the undersigned counsel are of the opinion that the proposed settlement is a fair and reasonable resolution of Plaintiffs' FLSA claims. Neither the parties, nor the Court, would be served by continuing this matter despite the parties' agreement.

## **CONCLUSION**

WHEREFORE, the parties respectfully request that this Honorable Court enter an Order:

(1)     GRANTING this Motion;

(2)     APPROVING the settlement;

(3)     DISMISSING this case with prejudice subject to the Court's continuing jurisdiction to enforce the terms of the settlement agreement; and

(4)     ORDERING such further relief as the Court deems appropriate.

Respectfully submitted this 19th day of May, 2023.

CANTRELL ASTBURY KRANZ, P.A.

HALL, GILLIGAN, ROBERTS & SHANLEVER, LLP

*/s/ William J. Cantrell*
William J. Cantrell
Georgia Bar No. 477090
wcantrell@caklegal.com
401 E Jackson St, Suite 2340
Tampa, Florida 33602
Telephone: (800) 698-6650
Facsimile: (813) 867-0116

*Attorney for Plaintiffs*

*/s/ Kristen W. Goodman*
Kristen W. Goodman
Georgia Bar No. 300881
kgoodman@hgrslaw.com
Wayne M. Cartwright
Georgia Bar No. 257328
wcartwright@hgrslaw.com
Keri M. Martin
Georgia Bar No. 679803
kmartin@hgrslaw.com
3340 Peachtree Road, Suite 1900
Atlanta, Georgia 30326
Phone: (404) 442-8776
Facsimile: (404) 537-5555
*Attorneys for Defendants*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), counsel certifies that this brief has been prepared in Times New Roman 14 point font and meets the twenty-five (25) page limit.

Respectfully submitted this 19th day of May, 2023.

HALL, GILLIGAN, ROBERTS
& SHANLEVER LLP

*/s/ Kristen W. Goodman*
Kristen W. Goodman
Georgia Bar No. 300881
Keri M. Martin
Georgia Bar No. 679803